Kenneth A. APPLEBY, Plaintiff, Appellant,

v.

Larry MEACHUM, et al., Defendants, Appellees.

No. 82–1385.

United States Court of Appeals, First Circuit.

Submitted Oct. 8, 1982.

Decided Jan. 7, 1983.

Kenneth A. Appleby on brief, pro se.

Francis X. Bellotti, Atty. Gen., Boston, Mass., with whom was Roberta Thomas Brown, Asst. Atty. Gen., Chief Torts Div., Boston, Mass., for appellees Fred Butterworth and Norman Carver.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

The *pro se* plaintiff in this case is a state prisoner. He brought this action pursuant to 42 U.S.C. § 1983 against various officials of the Massachusetts Department of Corrections. He seeks injunctive relief and damages as a consequence of an alleged deprivation of his right to practice his religion, the infliction of cruel and unusual punishment, and denial of due process and equal protection of law.

The district court granted a motion to proceed *in forma pauperis,* but denied a

motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d),[1] which provides that in a civil case "[t]he court may request an attorney to represent any [indigent] person unable to employ counsel...." Plaintiff noticed an appeal from the order denying the motion for appointment of counsel. We dismiss the appeal as being from an interlocutory, nonappealable order.

At the outset, we note that courts have ruled that § 1915(d)'s permissive language confers no right to appointment of counsel on an indigent civil litigant. *Bowman v. White,* 388 F.2d 756, 761 (4th Cir.1968); *United States v. Madden,* 352 F.2d 792, 793 (9th Cir.1965). Others have qualified their analysis by noting that where a case is "exceedingly complex" such a right may exist. *Slavin v. Curry,* 690 F.2d 446, 448 (5th Cir.1982). Nonetheless, at least one circuit has reviewed the denial for abuse of discretion and reversed. *Peterson v. Nadler,* 452 F.2d 754, 757–58 (8th Cir.1971) (per curiam); *see also Madden, supra* (remanding for consideration of § 1915(d) motion). Without deciding whether § 1915(d) confers a "right," a "privilege," or nothing at all on an indigent civil litigant, we accept that the authorities cited above stand at least for the principle that, upon entry of a final judgment, a court of appeals may review denial of a § 1915(d) motion for abuse of discretion. The question before us now is whether an interlocutory appeal challenging such a denial may be brought.

■■■ Appealability of the interlocutory orders at issue here hinges on whether the orders are "collateral orders" under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In one of its most recent applications of the *Cohen* exception, the Supreme Court ruled in 1978 that such an order

"must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468 [98 S.Ct. 2454, 2457, 57 L.Ed.2d 351] (1978). *See also Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 375 [101 S.Ct. 669, 674, 66 L.Ed.2d 571] (1981).

Applying this three-part test, we are in agreement with the reasoning of the *per curiam* opinions in *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir.1981) and *Cotner v. Mason,* 657 F.2d 1390 (10th Cir.1981), that the denial of a motion for appointment of counsel does not meet the third criterion set out in *Coopers & Lybrand, i.e.,* the order is not "effectively unreviewable on appeal from a final judgment." In adopting the reasoning of those opinions on this point, we note that we are unpersuaded by arguments to the effect that *pro se* plaintiffs are such a frail class of litigants that denial of appointed counsel at the outset effectively terminates the suit, as the plaintiff in his ignorance may fall by the wayside before a judgment on the merits or appeal. *See, e.g., Randle, supra,* 664 F.2d at 1068 (Swygert, J., dissenting); *Bradshaw v. Zoological Society,* 662 F.2d 1301, 1310–11 (9th Cir.1981).[2] It is not too much to expect a *pro se* plaintiff to persist long enough to raise the issue of appointed counsel along with any other issues he preserves in his appeal from a final judgment. We also disagree with the reasoning in *Bradshaw* that an appellant, after a final judgment, might have to show prejudice from lack of an attorney in order to prevail,

---

1. Plaintiff also moved for appointment of counsel pursuant to 18 U.S.C. § 3006A(g), a statute having no applicability to this case.

2. *Bradshaw* and *Ray v. Robinson,* 640 F.2d 474, 476–77 (3d Cir.1981), are the only cases we have found which post-date *Coopers & Lybrand,* discuss its three-part test of appealability and hold orders of the sort involved here appealable. *Bradshaw* is distinguishable from the present case in part because the motion for

appointment of counsel was based on Title VII's appointment of counsel provision, 42 U.S.C. § 2000e–5(f)(1)(B), which provides that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant...." To the extent that *Bradshaw* is not distinguishable, we disagree with its and *Ray v. Robinson's* application of the *Coopers & Lybrand* test.

but would not be so burdened on an immediate interlocutory appeal. *See* 662 F.2d at 1314. We believe that if the district court erred at the outset in denying appointed counsel, its error would be presumptively prejudicial. Therefore, no different standard of review would govern an appeal from a final judgment.[3]

In addition to the fact that the order is effectively reviewable upon appeal from a final judgment, we also think that the order appealed from here should be deemed non-appealable in view of other considerations set forth in *Coopers & Lybrand, supra*. We do not think that a denial of appointed counsel at the outset necessarily "conclusively determine[s] the disputed question...." 437 U.S. at 468, 98 S.Ct. at 2457. We would expect the district court to leave the order "subject to revision," *id.* 437 U.S. at 469, 98 S.Ct. at 2458, as, for example, where a possibly meritorious case appears to be developing. In this sense, the order here or an order denying a renewed motion for appointed counsel also "involve[s] considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action,'" *id., quoting Mercantile National Bank v. Langdeau*, 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963), and is for that additional reason inappropriate for interlocutory review.

■ Finally, we cannot ignore the fact that, as noted, the standard of review on these matters is stringent. As a class, the denial of motions for appointment of counsel in § 1983 cases will rarely be reversed. Interrupting a district court proceeding for several months in such cases while interlocutory review takes place, is a particularly inappropriate use of judicial resources.

*The appeal is dismissed.*

3. As *Bradshaw* also noted, 662 F.2d at 1312, a *pro se* plaintiff's mistakes at a first trial might come back to haunt her after appeal and on retrial. But this danger lurks whenever an erroneous interlocutory order results in a successful appeal from a final judgment and a second trial. Although the danger of such mistakes is somewhat greater when a party proceeds *pro se,* we are not persuaded that it is so great as to overcome the strong statutory policies against piecemeal review. *See Firestone*

*Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 376–78, 101 S.Ct. 669, 674–76, 66 L.Ed.2d 571 (1981) (unparticularized speculation that proceedings would be "indelibly stamped" and a party's burden increased insufficient to render an order immediately appealable). We are confident, moreover, that where appointive counsel is erroneously denied, a reviewing court may relieve a plaintiff of any untoward consequences of his lack of counsel.