IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20752
Summary Calendar
_____

JOSEPH ROBERT MORROW,

Plaintiff-Appellant,

versus

MS. TERRI WREN; MR. JAMES,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2936
---------------------
February 14, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joseph R. Morrow, Texas prisoner number 790403, has appealed the district court's order and judgment granting the defendants' motion for summary judgment and dismissing his civil rights complaint. For reasons discussed below, the judgment is AFFIRMED.

Morrow contends that defendants Terri Wren and John James violated his Eighth Amendment right against cruel and unusual punishment by compelling his participation in the "Changes Program," a pre-release life skills educational program, notwithstanding the fact that they knew that he suffered from a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disability which was aggravated by extended periods of sitting. The summary judgment evidence shows that neither Wren nor James was responsible for the decision to compel Morrow to participate in the Changes Program and that Morrow's medical restrictions did not preclude his participation in the program.  Accordingly, Wren and James did not act with deliberate indifference to Morrow's medical condition.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Because their actions were objectively reasonable, Wren and James are entitled to qualified immunity from suit.  See Hart v. O'Brien, 127 F.3d 424, 441 (5th Cir. 1997) (qualified immunity standard).

Because the evidence sought by Morrow would not have created a genuine issue of material fact, Morrow has failed to show that the district court abused its discretion in refusing to permit him to conduct additional discovery pursuant to FED. R. CIV. P. 56(f).  See Beattie v. Madison County Sch. Dist., 254 F.3d 595, 605-06 (5th Cir. 2001).  Morrow had an adequate opportunity to respond to the motion for summary judgment.

Because this case did not present exceptional circumstances, Morrow has not shown that the district court abused its discretion in denying the motion for appointment of counsel. See Robbins v. Maggio, 750 F.2d 405, 413 (5th Cir. 1985).  Morrow has moved this court for appointment of counsel on appeal.  The motion is DENIED.

JUDGMENT AFFIRMED; MOTION DENIED.