United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60890
Summary Calendar

_____

RICHARD MERLE SWITZER,

Plaintiff-Appellant,

versus

GREG HERMAN; JOE DON CUNNINGHAM; CRAIG S. SHOWS, JR.; SCOTT DELANO;
CITY OF GULFPORT; CITY OF BILOXI; MICHAEL GOLDSWORTHY; GULFPORT
POLICE DEPARTMENT; GEORGE H. PAYNE, JR.; BILOXI POLICE DEPARTMENT;
TOMMY MOFFETT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CV-434

_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard Merle Switzer, Mississippi state prisoner #47818,
proceeding *pro se* and *in forma pauperis*, appeals the district
court's order in his § 1983 suit denying his motion for appointment
of counsel. Switzer asserts conclusionally that he needs counsel
in order to sharpen the issues, to investigate, and to obtain

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favorable evidence.  Switzer also argues that he is not capable of representing himself properly.

An interlocutory order denying an application for the appointment of counsel in a § 1983 case is immediately appealable.[1] However, a trial court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances.[2]  This court will not reverse the district court's denial of such a motion unless the appellant shows that the ruling constituted a clear abuse of discretion.[3]

Switzer has not shown that his case presents exceptional circumstances such that the district court clearly abused its discretion in denying the motion.  The district court's denial of Switzer's motion for appointment of counsel is therefore AFFIRMED. Switzer's motion to supplement the record is DENIED.

---

[1] *Robbins v. Maggio*, 750 F.2d 405, 409-13 (5th Cir. 1985).

[2] *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

[3] *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).