# United States Court of Appeals
## For the First Circuit

No. 15-2526

SAI,

Plaintiff, Appellant,

v.

TRANSPORTATION SECURITY ADMINISTRATION; US DEPT. OF HOMELAND SECURITY; UNITED STATES; MASSACHUSETTS STATE POLICE, Troop F / MAssport (MPD); MASSACHUSETTS PORT AUTHORITY; CITY OF BOSTON, in both official and individual capacities; TRICIA TONGE-RILEY, TSA STSO; SHANNA KUKLA, TSA STSO; PAUL COLEMAN, MPD Officer; JOHN FERRAGAMO, TSA security manager; ALEX RANSOM, TSA Office of Intelligence (TSA-OI); WILLIAM EVANS, TSA incident monitor; JEH CHARLES JOHNSON, DHS Secretary; JOHN S. PISTOLE; FRANCINE KERNER; MEGAN H. MACK; TAMARA KESSLER; KIMBERLY WALTON; WILLIAM MCKENNEY; SEENA FOSTER; ZACHARY BROMER; JEREMY BUZZELL; ERIKA LUCAS; UNKNOWN TSA COUNSEL,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. William G. Young, U.S. District Judge]

---

Before
Howard, Chief Judge,
Thompson and Kayatta, Circuit Judges.

---

Patricia E. Roberts, Tillman J. Breckenridge and Bailey & Glasser LLP, on brief for appellant.

---

December 7, 2016

---

**Per Curiam**.  Plaintiff-appellant Sai (identified by an adopted mononym) seeks interlocutory review of a district court decision denying him appointed counsel as a collateral order. Sai's allegations against the Transportation Security Administration and other defendants include violation of federal statutes prohibiting discriminatory treatment of disabled persons. The statutory scheme specifically authorizes court appointment of counsel.  See 42 U.S.C. §§ 2000a-3(a), 12188(a)(1).  However, the mechanism is not funded, and it is subject to the district court's broad discretion.  The difficulties in rationing the precious resource of volunteer lawyer services have been long acknowledged. See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2nd Cir. 1989)(addressing situation in which "volunteer lawyer panels of the district courts are drowning in requests").

We are aware of the circuit split on interlocutory review of denials of appointed counsel as collateral orders.  See Ficken v. Alvarez, 146 F.3d 978, 980-81 (D.C. Cir. 1998)(collecting cases). We are also aware that some courts have distinguished refusals to "request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e) from refusals to "appoint an attorney" for claimants under federal anti-discrimination statutes "in such circumstances as the court may deem just."  Id.  In our estimate, this distinction is prudent, and we do not begin with an automatic assumption that appointment decisions under § 1915(e)

- 2 -

and under federal anti-discrimination statutes belong in a single category. Nonetheless, after giving the matter separate consideration, we are persuaded that the factors we identified in Appleby v. Meachum, 696 F.2d 145 (1983)(per curiam), for not categorizing the denial of appointed counsel under 28 U.S.C. § 1915(e) as a collateral order logically also apply to denial of appointed-counsel requests under 42 U.S.C. §§ 2000a-3(a) and 12188(a)(1).

As a legal matter, an order denying appointment is inherently non-final because it is subject to revision as the case develops, however convinced or emphatic an individual judge appears to be at a given time. See Appleby, 696 F.2d at 147. The federal courts have identified several considerations (not constituting an exhaustive list) relevant to decisions on appointment of counsel for anti-discrimination claimants, including "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper, 877 F.2d at 172-74; see also Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1420-21 (10th Cir. 1992) (identifying four factors most relevant for purposes of deciding whether to appoint counsel in a Title VII case: "(1) plaintiff's ability to afford counsel; (2) plaintiff's diligence in searching for counsel; [] (3) the merits

of plaintiff's case . . . [and (4)] the plaintiff's capacity to prepare and present the case without the aid of counsel"). These considerations are not static, and would be subject to reevaluation as a case proceeds after an initial denial of appointed counsel. In the course of proceedings, the merits might well become clearer. What a district court deems to be insufficient diligence might be supplemented by a litigant's additional efforts to obtain counsel, which could cast more light on the availability of counsel. The litigant's pro se capabilities might also become clearer as a case advances. We note that, in a disability-discrimination matter, it can be especially important to evaluate and monitor with care the effect a disability is having on the claimant's chances to seek out and obtain representation, and to conduct litigation on a pro se basis. Reevaluation of one or more of the above-summarized considerations in view of later developments could alter a district court's treatment of an appointment request. We note that omitting the words "without prejudice" from an initial denial would not prevent reassessment at a later date. See Appleby, 696 F.2d at 147.

In addition to the possibility of reassessment, as a practical matter, a wrongful denial of a request for appointed counsel should not easily escape review after entry of final judgment. "[I]f the district court erred at the outset in denying appointed counsel, its error would be presumptively prejudicial." Id. "[M]oreover,

. . . where appointive counsel is erroneously denied, a reviewing court may relieve plaintiff of any untoward consequences of his lack of counsel."  Id. at n.3.  Thus, while we decline at this time to join those circuits treating a denial of appointed counsel to an anti-discrimination claimant as an immediately reviewable collateral order, we intimate no doubts about the reviewability of such a denial in an appeal from a final judgment.  Further, we emphasize that the presence in the record of a clear statement of reasons bearing on the district court's exercise of its discretion in matters of appointment, including discussion of any pertinent factors from the non-exhaustive list set out above, may prove crucial to this court's eventual review.  See Castner, 979 F.2d at 1422-23 (remanding because record provided "no indication what considerations underlie[d] th[e] decision [to deny appointment], and the record d[id] not contain sufficient evidence from which [the court of appeals] c[ould] make an independent determination whether it was an abuse of discretion not to appoint counsel").

For the reasons explained above, this interlocutory appeal is **dismissed**.