# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40947
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 6, 2019

Lyle W. Cayce
Clerk

HOWARD F. CARROLL,

Plaintiff-Appellant

v.

KEITH FOUST, Correctional Officer, Coffield Unit; JACINTA ASSAVA, Nurse Practitioner, University of Texas Medical Branch, Coffield Unit; SARAH PIERSON, Nurse Practitioner, University of Texas Medical Branch, Coffield Unit; SHABRODWICK HILL, Correctional Officer, Coffield Unit; TIMOTHY HENDERSON, Correctional Officer, Coffield Unit; NAOMI OLIVARES, MHC Provider University of Texas Medical Branch, Coffield Unit; GREGORY DINGAS, MHC Provider University of Texas Medical Branch, Coffield Unit; REBEKAH HAPPEL, MHC Provider University of Texas Medical Branch, Coffield Unit; SHAWN SIMMONS; OFFICE OF THE ATTORNEY GENERAL,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-569

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40947

Howard F. Carroll, Texas prisoner # 1067360, filed a 42 U.S.C. § 1983 complaint against prison employees and medical staff alleging various violations of his constitutional rights. He now appeals the denial of his motion for appointment of counsel. We have previously held that an order denying appointment of counsel in a § 1983 case is immediately appealable. *See Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985).[1] Carroll also moves for appointment of counsel on appeal, which is DENIED.

We review the denial of appointment of counsel for abuse of discretion. *See Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). The record reflects that the district court did not abuse its discretion in concluding that Carroll failed to demonstrate the existence of exceptional circumstances warranting appointment of counsel at the current stage of the case. *See id.* at 799, 801. Accordingly, the order of the district court is AFFIRMED.

---

[1] Although we have decided to revisit this holding en banc in *Williams v. Catoe*, No. 18-40825 (5th Cir. June 18, 2019) (order granting initial hearing en banc), we apply *Robbins* as the current law of the circuit. *See United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010).