IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31270
Conference Calendar
_____

CLARENCE TUCKER,

                              Plaintiff - Appellant,

versus

MICKY HUBERT; ET AL,

                              Defendants,

RAYMOND BYRD; BRENDA SMILEY; ALTON, Mr.; JACKIE STANFIL;
SHARON BROWN RUSH; BRIAN TAYLOR; KYLE WALKER; ARTHUR LEE;
M. BAILEY; JOE CHAPMAN; TOLBERT TRIPLETT, III; TOMMY GLOVER;
VIRGIL LUCUS; MICKEY HUBERT,

                              Defendants - Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-511
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Clarence Tucker ("Tucker"), Louisiana state prisoner
# 99756, appeals the magistrate judge's order denying his motion
for appointment of counsel.  This court must examine the basis of
its jurisdiction on its own motion if necessary.  See Mosley v.
Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  Although an
interlocutory order denying the appointment of counsel in a civil

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

rights action may be appealed immediately, see Robbins v. Maggio, 750 F.2d 405, 413 (5th Cir. 1985), to the extent that a litigant seeks to challenge such an order from a magistrate judge, he must first do so in the district court, unless the parties have consented to proceed before the magistrate judge. See 28 U.S.C.§ 636(b)(1)(A), (c)(1), (c)(3); see also Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 219-20 (5th Cir. 2000). Otherwise, this court lacks jurisdiction over the appeal. See Alpine View Co., 205 F.3d at 219-20. The record does not indicate that the parties consented to proceed before the magistrate judge or that the district court considered the magistrate judge's order denying Tucker's motion for the appointment of counsel. Therefore, we DISMISS Tucker's appeal for lack of jurisdiction. See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

APPEAL DISMISSED.