IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 00-41444
Conference Calendar

———————————————

RONALD R. PONCE,

                                                    Plaintiff-Appellant,

versus

DIAZ, Assistant Warden; CARRILLO, Major; R. GLOVER, Captain;
M. MITTON, Captain; MIELLER, Lieutenant; OWENS, Sergeant;
G. HERRERA, Sergeant; SANDRA S. LOPEZ, Officer; LOPEZ,
Correctional Officer III; BENAVIDES, Correctional Officer III;
BRADSHAW, Captain,

                                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-461
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Ronald R. Ponce, former Texas inmate #709572, proceeding pro
se and in forma pauperis under 42 U.S.C. § 1983, appeals the
magistrate judge's orders denying his motions for appointment of
counsel and for reconsideration.  Ponce contends that the
magistrate judge did not make specific findings.  He reiterates
that the issues in his case are complex and that he is not
capable of investigating his case and conducting discovery.  He

———————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

asserts that he has shown that his case involves triable issues, and he explains that the defendants have hired experts.  He asserts that he cannot obtain an attorney who will take his case.  Ponce asserts further that he is prohibited from contacting incarcerated persons who are instrumental to his case.

An interlocutory order denying the appointment of counsel in a 42 U.S.C. § 1983 case is immediately appealable.  Robbins v. Maggio, 750 F.2d 405, 413 (5th Cir. 1985).  A trial court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances.  Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  Among the factors that the trial court must consider to determine whether exceptional circumstances warrant appointment of counsel in a civil rights case are:  (1) the type and complexity of the case; (2) whether the indigent can adequately present the case; (3) whether the indigent can investigate the case adequately; and (4) whether the case involves conflicting evidence that requires skill in the presentation of evidence and in cross-examination.  Ulmer, 691 F.2d at 213.  We will overturn a decision regarding appointment of counsel only if the appellant shows a "clear abuse of discretion."  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

Ponce has not shown that the issues in his case are complex.  He has not shown that he is incapable of adequately presenting his case.  He has not demonstrated the exceptional circumstances that require the appointment of counsel.  Ponce cannot demonstrate plain error in conjunction with his contention that he is prohibited from contacting persons instrumental to his

case.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428 (5th Cir. 1996) (<u>en</u> <u>banc</u>); <u>United States v. Vital</u>, 68 F.3d 114, 119 (5th Cir. 1995).  He thus has not shown that the magistrate judge's decision denying appointed counsel was a clear abuse of discretion.  <u>Cupit</u>, 835 F.2d at 86.

AFFIRMED.