**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-10689
Summary Calendar

_____

HUMBERTO TELLEZ,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director; LESLIE WOODS;
TIMOTHY REVELLE; DENISE MCCARTY; VICKIE HOWARD;
TERRI EASON; ARTHUR ENNS; ROGER EASON; ALEXANDER
M. KALMANOV; HARRY EDWARDS, Unit Health Administrator;
UNKNOWN DOCTOR,

Defendants-Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:00-CV-89-R
--------------------------------------------------------
June 26, 2002

Before JOLLY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Humberto Tellez (Tellez), Texas prisoner #752637, proceeding *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, appeals the district court's April 17, 2001, order denying his motion for appointment of counsel. Tellez argues that he is not qualified to represent himself; that he has vision and other

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical problems; that he must rely on other inmates for legal counsel; that he does not have access to a telephone, telephone book, typewriter, stapler, or means to investigate and question witnesses; and that he is currently taking "psychiatric medication." Tellez also moves this court for appointment of counsel.

An interlocutory order denying the appointment of counsel in a 42 U.S.C. § 1983 case is immediately appealable. Robbins v. Maggio, 750 F.2d 405, 409-13 (5th Cir. 1985). A trial court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). We will overturn a decision regarding appointment of counsel only if the appellant shows a "clear abuse of discretion." Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

Tellez has not shown that the issues in his case are complex, that he is incapable of adequately presenting his case, or that exceptional circumstances require the appointment of counsel. He thus has not shown that the district court's order denying appointed counsel was a clear abuse of discretion. Cupit, 835 F.2d at 86. The district court's denial of Tellez's motion for appointment of counsel is therefore AFFIRMED, and his motion for appointment of counsel to this court is DENIED.

AFFIRMED; MOTION DENIED.