United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50227
Conference Calendar

_____

BILLY WAYNE LEWIS,

                                        Plaintiff-Appellant,

versus

CITY OF ROGERS, in lieu of Rogers Police
Department; NFN JOHNSON, Officer, Individual
Capacity; FRANK THROWER, Individual Capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CV-349
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Billy Wayne Lewis, Texas prisoner #1057794, has filed a motion to proceed in forma pauperis ("IFP") on appeal from the district court's interlocutory order denying his motion for appointment of counsel. By moving for IFP, Lewis is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lewis argues that the City of Rogers is liable for violating his constitutional rights; however, the City has been dismissed from the lawsuit. He also argues that he has no money and has therefore been unable to serve Miguel Johnson; however, he does not explain how any further investigation into the whereabouts of Johnson necessitates an attorney. Accordingly, he has not shown that the district court's denial of his motion for appointment of counsel was a clear abuse of discretion. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). We therefore uphold the district court's certification that the appeal presents no nonfrivolous issues. Lewis's motion for IFP is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. See Baugh, 117 F.3d at 202 and n.24; Robbins v. Maggio, 750 F.2d 405, 413 (5th Cir. 1985); 5TH CIR. R. 42.2.

Our dismissal of Lewis's appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Lewis that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.