IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10491
Conference Calendar

_____

DONALD RAY MCCRAY,

Plaintiff-Appellant,

versus

JOHN B. TOLLE,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-460-G
- - - - - - - - - -
October 29, 1996

Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Donald Ray McCray appeals the district court's dismissal of his civil rights complaint. This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Rule 4(a)(1), Fed. R. App. P., requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which appeal is taken. However, "[i]f an inmate confined in an

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day of filing."  Fed. R. App. P. 4(c).

The district court entered final judgment on March 21, 1996. Therefore, the final day for filing a timely notice of appeal was Monday April 22, 1996, because the thirtieth day was a Saturday. See Fed. R. App. P. 26(a).  McCray's notice of appeal was dated April 27, 1996, and was not filed into the court record until May 2, 1996.  Thus, it could not have been deposited in the prison's mail system within the prescribed appeal period.

The time limitation for filing a notice of appeal is jurisdictional, and the lack of a timely notice of appeal mandates dismissal of the appeal.  Robbins v. Maggio, 750 F.2d 405, 408 (5th Cir. 1985).

We remind McCray that in McRoy v. Lower, No. 96-20516 (Aug. 21, 1996), he was barred by this court from filing any pro se, in forma pauperis civil appeal in this court, or any pro se, in forma pauperis, initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court or of this court, and that the clerk of this court and the clerks of all federal district courts in this Circuit are directed to return to McCray, unfiled, any attempted submission inconsistent with this bar.  We consider this appeal only because it was filed before this bar

was imposed.  To avoid additional sanctions McCray should review

any pending appeals and withdraw any frivolous appeals

immediately.

APPEAL DISMISSED.