IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20377
Conference Calendar

_____

JOHN ONEAL HENRY,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE;
WINDHAM SCHOOL DISTRICT; BOARD OF PARDONS
AND PAROLES; ESTELLE UNIT AND CLASSIFICATION
COMM.; F.E. FIGUEROA; RICHARD C. THALER;
DAVID LEE; JESSE FRANKLIN; ESTELLE UNIT
PSYCHIATRIC DEPARTMENT; TOM HESTER;
LINDBERG ARNOLD, JR.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-4129
- - - - - - - - - -
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John Henry, Texas inmate #324238, seeks to appeal the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
action, without prejudice, for failure to comply with court
orders under Fed. R. Civ. P. 41(b). This court must raise, <u>sua
sponte</u>, the issue of its own jurisdiction, if necessary. <u>Mosley
v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987). Henry did not file

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a notice of appeal from the district court's dismissal order.  He did, however, file a timely notice of appeal from the district court's prior order overruling his objections to the magistrate judge's orders.  Although his notice of appeal refers only to the requirement that he provide ten copies of his complaint, the magistrate judge also denied Henry's motion for appointment of counsel.  Unlike an interlocutory order requiring the correction of a deficient pleading, which is not appealable, an interlocutory order denying the appointment of counsel in a civil rights action may be appealed immediately.  See Robbins v. Maggio, 750 F.2d 405, 409-13 (5th Cir. 1985).

Henry's appeal brief utterly fails to address the appointment-of-counsel issue.  Rather, his entire argument on appeal is that the district court erred in requiring him to file ten copies of his complaint and exhibits.  This court "will not raise and discuss legal issues that [Henry] has failed to assert."  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Henry's appeal is without merit and therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  Our dismissal of this appeal counts as a strike against Henry for purposes of 28 U.S.C. § 1915(g).  We caution Henry that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.