United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

––––––––––––––––––––

No. 04-41134
Summary Calendar

––––––––––––––––––––

THOMAS H. CLAY,

                                        Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL BRANCH AT JOHN SEALY; UNIVERSITY OF
TEXAS MEDICAL BRANCH CORRECTIONAL HEALTHCARE MANAGEMENT; JOHN
SEALY EMPLOYEES; JANE DOE, #; JANE DOE, #; JANE DOE, #, Physician
Assistant; ET AL.,

                                        Defendants-Appellees.

––––––––––––––––––––
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-268-TH-JKG
––––––––––––––––––––

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Thomas H. Clay, Texas prisoner #1124123, appeals the
magistrate judge's denial of his motion for appointment of
counsel.  This court must examine the basis of its jurisdiction
on its own motion if necessary.[1]  Although an interlocutory order
denying the appointment of counsel in a civil rights action is

––––––––––

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

immediately appealable,[2] if that order was issued by a magistrate judge and the parties have not consented to proceed before a magistrate judge, the party must appeal first to the district court.[3]  Otherwise, this court lacks jurisdiction.[4]

The record does not indicate that the parties consented to proceed before a magistrate judge or that Clay appealed the denial of his motion to the district court.  Therefore, we DISMISS Clay's appeal for lack of jurisdiction.

APPEAL DISMISSED.

---

[2]*Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985).

[3]28 U.S.C. § 636(b)(1)(A),(c)(1),(c)(3); *see Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 219-20 (5th Cir. 2000).

[4]*Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989).