**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-51009
Summary Calendar

LESLIE L GARNETT

Plaintiff-Appellant

v.

MIDLAND POLICE DEPARTMENT; SERGEANT DAVID SCARDINO, In their individual capacity and in their capacity as police officers of Midland Police Department; OFFICER D EDWARDS, In their individual capacity and in their capacity as police officers of Midland Police Department

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CV-41

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Leslie L. Garnett filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against the Midland Police Department and two of its officers, Sgt. David Scardino and Officer D. Edwards. Garnett alleged that he was required to register as a sex offender under the Texas Code of Criminal Procedure beginning in 1992. Garnett alleged that as of December 4, 2007, he was exempted from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that requirement. The substance of the complaint is that Edwards paid uninvited visits to Garnett's home on September 22, 2007, and February 6, 2008, as part of the Midland sex offender monitoring program. The district court denied Garnett's motion for appointment of counsel, and he brought this interlocutory appeal. *See Robbins v. Maggio*, 750 F.2d 405, 409-13 (5th Cir. 1985).

Garnett now moves this court for leave to proceed in forma pauperis (IFP) on appeal. Under FED. R. APP. P. 24(a)(5), this court may entertain a motion to proceed IFP when the district court has denied a litigant leave to proceed IFP. To proceed IFP on appeal, a movant must demonstrate that he is a pauper and that he will raise nonfrivolous issues on appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). In this case, it is not necessary to determine Garnett's financial status because he cannot show a nonfrivolous issue for appeal.

This court will not overturn a district court's decision regarding appointment of counsel unless the appellant shows a "clear abuse of discretion." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A district court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A review of the content and effectiveness of Garnett's pleadings and presentations to the district court supports the district court's conclusion that Garnett did not require the appointment of counsel. Garnett was able to defeat the defendants' motion to dismiss with both his pleadings and presentation at a hearing before the district court.

Garnett has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.