# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40223
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2014

Lyle W. Cayce
Clerk

MARCUS TYRONE GRANT,

Plaintiff-Appellant

v.

ANNIE D. ANTHONY, CO IV Michael Unit; TRACEY TANNER, Lieutenant Michael Unit,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CV-887

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Marcus Tyrone Grant, Texas prisoner # 1603171, appeals the district court's order denying his motion for the appointment of counsel to represent him in his 42 U.S.C. § 1983 civil rights action. Grant, who is currently proceeding pro se and in forma pauperis, argues that the district court abused its discretion and denied him access to the courts when it denied his motion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40223

A district court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). However, an interlocutory order denying the appointment of counsel in a § 1983 case is immediately appealable. *Robbins v. Maggio*, 750 F.2d 405, 409-13 (5th Cir. 1985). This court will not overturn a district court's decision regarding appointment of counsel unless the appellant shows a "clear abuse of discretion." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

In the instant case, Grant has not shown that exceptional circumstances warrant the appointment of counsel. *Ulmer*, 691 F.2d at 212. Grant's claims are not particularly complex and are governed by well-established legal standards. The record reflects that Grant is capable of adequately investigating his case and presenting his arguments to the court. Although Grant asserts that he needs an attorney because he has limited access to legal materials and cannot conduct adequate legal research, his pleadings include frequent citations to case law and belie his assertion. It is true that any trial on the merits will involve the presentation and cross-examination of conflicting testimony regarding Grant's claims. However, having an attorney skilled in the presentation of evidence and the art of cross-examination is not critical given the relatively straightforward nature of the facts and issues involved. Grant has not shown that the district court's order denying appointment of counsel was a clear abuse of discretion. *See Cupit*, 835 F.2d at 86. Nor has he shown that the district court's failure to appoint counsel deprived him of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). The district court's denial of Grant's motion for appointment of counsel is AFFIRMED.