# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40578
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2017

Lyle W. Cayce
Clerk

KENNETH LEO BUHOLTZ, as Guardian Ad Litem, on behalf of his minor
children J.C.G. & L.S.B.,

       Plaintiff–Appellant,

v.

BART CARROLL, Individually and in his official capacity as Chief
Investigator, Texas Child Protective Services; DELIA
GUILLARMONDEGUI, Individually and in her official capacity as
Supervisor, Texas Child Protective Services; JOHN SPACIA, Individually
and in his official capacity as Commissioner, Collin County, Texas; BILLY
LANIER, Individually and in his official capacity as Deputy Sheriff, Collin
County, Texas; TERRY BOX, Individually and in his official capacity as
Sheriff, Collin County, Texas; WARREN KENNETH PAXTON, JR.,
Individually and in his official capacity as Attorney General, Texas,

       Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-747

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-40578

Kenneth Buholtz appeals the dismissal of his civil rights lawsuit, in which he alleged that various state and local officials violated the constitutional rights of his minor son and step-son by failing to investigate or respond to allegations that the children's mother was sexually abusing them. Because Buholtz's claims are barred by res judicata, we affirm.

I

Buholtz is a federal inmate incarcerated in Virginia. According to his complaint, government officials received reports that Buholtz's minor son and step-son were being sexually abused by their mother and her friend but failed to intervene. Buholtz alleges that Delia Guillarmondegui and Bart Carroll, investigators for the Texas Department of Family and Protective Services (DFPS) were informed of the allegations but dismissed or ignored them. He also alleges that DFPS commissioner John Spacia ignored a certified letter informing him of the investigators' actions and that Texas Attorney General Kenneth Paxton did not respond to repeated requests to investigate DFPS. Additionally, Buholtz claims that Deputy Sherriff Billy Lanier had authority to protect the children but failed to do so, and that Sheriff Terry Box failed to respond to repeated requests to investigate Lanier. These actions, Buholtz alleges, violated the children's constitutional rights and warrant relief under 28 U.S.C. § 1983.

Acting on recommendation of the magistrate judge, the district court dismissed Buholtz's § 1983 claims under the doctrine of res judicata. The court reasoned that Buholtz had filed a complaint with identical factual allegations in the United States District Court for the Eastern of District of Virginia.[1] In that case, the court dismissed Buholtz's § 1983 claims "for failure to state a

---

[1] *Buholtz v. Carroll*, 2016 WL 204474, at *2 (E.D. Va. Jan. 15, 2016).

No. 17-40578

claim and as legally frivolous."[2]  The district court in this case also upheld the magistrate judge's order denying Buholtz's request to appoint an attorney *ad litem* for the children.  Buholtz timely appealed.

II

We review the district court's dismissal of Buholtz's § 1983 claim de novo.[3]  We review the denial of his request for appointed counsel for abuse of discretion.[4]  The district court did not err on either count.

First, the district court correctly held that Buholtz's § 1983 claims are foreclosed by res judicata.  Res judicata dictates that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[5]  Under this doctrine, subsequent claims are barred if "(1) the prior suit involved identical parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases."[6]  To determine whether the claim is the same in both cases, we evaluate whether the cases "are based on the same nucleus of operative facts."[7]

There is no question that Buholtz's current complaint and previous lawsuit involved the same parties.[8]  The previous judgment was a final judgment on the merits rendered by a court of competent jurisdiction.[9]  Because the facts alleged in Buholtz's complaint in the present case repeat

---

[2] *Id.* at *3.

[3] *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

[4] *Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985).

[5] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

[6] *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016) (citing *In re Ark–La–Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007)).

[7] *Id.* at 899 (quoting *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007)).

[8] *See Buholtz v. Carroll*, 2016 WL 204474, at *2 (E.D. Va. Jan. 15, 2016).

[9] *Id.* (dismissing Buholtz's § 1983 claims as "frivolous").

No. 17-40578

verbatim the allegations in the complaint he filed in the Eastern District of Virginia, the cases share a common nucleus of operative facts.[10]  As a result the district court correctly held that res judicata precludes Buholtz from relitigating his claims.

Second, the district court did not abuse its discretion by declining Buholtz's request for the appointment of an attorney *ad litem*.  The magistrate judge considered the factors for evaluating requests for appointed counsel in civil cases[11] and denied Buholtz's motion, in part because the law concerning res judicata is well established and the case would likely not require the presentation of evidence.  Construing Buholtz's objection to the denied appointment as a motion to reconsider,[12] the district court concluded that the magistrate judge's order was not clearly erroneous.  Because Buholtz's claims are governed by well-settled legal principles, the district court did not abuse its discretion by upholding the magistrate judge's conclusion that the appointment of counsel would not aid in the presentation of the case.

*    *    *

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[10] *Id.*

[11] *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

[12] *See* 28 U.S.C. § 636(b)(1)(a).

4